# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5974 | **DATE** | 10/5/2012 |
| **CASE TITLE** | Mary Ellen Bascomb vs. Citimortgage, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* is granted [dkt. no. 4]. On the Court's motion, attorney Keith D. Parr, Locke Lord LLP, 111 South Wacker Drive, Chicago, IL 60606, (312) 443-0497, kparr@lockelord.com is appointed to represent plaintiff pursuant to counsel's obligations as a member of the district's Trial Bar. Service of summons is deferred as explained below. The case is set for a status hearing on 11/7/12 at 9:30 a.m.

■[ For further details see text below.]                                          Docketing to mail notices.

# STATEMENT

Mary Ellen Bascomb has filed a *pro se* lawsuit against CitiMortgage Inc., the City of Chicago, Hope Schools, Charles Stevenson, Charles Moffett, Hope Holdings, unknown Chicago police officers, Robert Musikowski, and Tina Musikowski. She has filed a motion for leave to proceed *in forma pauperis*, that is, without paying the usual filing fee. The Court therefore reviews Ms. Bascomb's complaint to determine if it is legally or factually frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

The Court summarizes the allegations in Ms. Bascomb's amended complaint as follows:

At some time prior to May 2011, Ms. Bascomb was involved in an accident and was injured. As a result of her injuries, she lost her job and fell behind on her home mortgage loan, which is evidently held by CitiMortgage. Ms. Bascomb's complaint does not allege whether CitiMortgage filed suit to foreclose.

Ms. Bascomb alleges that in May 2011, agents working for CitiMortgage removed the door locks on her home, intending to break in and carry out what she calls a "lock out / trash out" eviction. A neighbor saw what was happening and inquired, and the locksmith said he had been sent to lock up the building because it was abandoned. In fact, this was untrue, and Ms. Bascomb says that CitiMortgage knew it was untrue. After the neighbor told the locksmith that the property was not abandoned, the locksmith and a van full of men, who evidently were there to clean out the house, left. Ms. Bascomb called the police to report the incident, but they did nothing.

Ms. Bascomb alleges that at some point, people associated with Hope School got involved somehow. This part of her complaint is rather hard to follow, but it appears that these people – Charles Stevenson and Charles Moffett – claimed they were the owners of the house. On February 4, 2012, Moffett and other men came to the house intending to break in and take it over. They falsely claimed they were with the Cook County Sheriff. Ms. Bascomb called the Chicago police, and two officers responded and told the men to

STATEMENT

leave, but did not arrest them.

The next day, February 5, 2012, a group of about fifteen Chicago police officers, along with Moffett and Stevenson, gathered outside Ms. Bascomb's house. Moffett and Stevenson claimed to be the building's owners and said that a person living there, Alvin. Jones, was a squatter. Stevenson also told the officers that CitiMortgage had advised him that Ms. Bascomb was mentally ill and needed to be in a nursing home. A police sergeant allegedly gave Stevenson and Moffett information about Ms. Bascomb. Jones attempted to photograph the officers and was threatened with arrest.

The police determined to facilitate Moffett and Stevenson's entry into the building under the guise of doing a "wellness check" on Ms. Bascomb, who had not yet answered the door at that point. Ms. Bascomb's sister, who evidently lived in the neighborhood, appeared at the scene and told the police Ms. Bascomb was fine and did not need to be checked on. The police nonetheless gave the men and their locksmith permission to break into the building. At this point, Ms. Bascomb came to the door and said she was fine, but the locksmith and officers nonetheless forced their way in, causing Ms. Bascomb to fall. She told them that they did not have her permission to enter, but a number of the officers nonetheless searched the house, and people associated with CitiMortgage and/or Stevenson and Moffett ransacked the house and stole numerous items.

Evidently CitiMortgage had filed an eviction suit in state court, but Ms. Bascomb says it was dismissed on February 6, 2012. She says that she tried to report to the police what had occurred on February 5, but the police refused to prepare a report. In March 2012, Moffett, Stevenson, and Chicago police officers returned with a nurse from the City's Department of Family Services. The nurse questioned Ms. Bascomb and ascertained that she did not need the department's services. Moffett had another man break all of the locks so that the doors could not be locked, and they entered without authority and either stole property or left doors open and permitted others to do so.

Apparently the eviction case continued or was reinstated, because plaintiff alleges that in August 2012, when she was appearing in eviction court, Moffett and Stevenson caused others to enter the house and take property.

Ms. Bascomb asserts seven claims. Counts 1 and 2 are conversion and negligence claims against CitiMortgage. Count 3 is a defamation claim against Moffett and Stevenson. Count 4 is a claim against the unnamed Chicago police sergeant for violation of the Privacy Act. Count 5 is a claim of conspiracy among all the defendants relating to the unauthorized entry into the house, which Ms. Bascomb alleges violated her constitutional rights. Count 7 is a claim for violation of Ms. Bascomb's Fourth and Fourteenth Amendment rights. Count 6 is a municipal liability claim against the City of Chicago, alleging that the City is aware of and tolerates a "code of silence" among police officers, which encourages officers to commit rights violations.

The Court makes no judgment at this point regarding the accuracy of Ms. Bascomb's allegations, including her allegation that the defendants were not legally authorized to enter the property. That aside, though there may be flaws in some of Ms. Bascomb's claims, she is entitled to proceed with this lawsuit. The Court therefore grants her motion for leave to proceed *in forma pauperis*. On the Court's motion, counsel will be appointed to represent Ms. Bascomb. The Court will defer service of summonses until after counsel has a reasonable opportunity to meet with Ms. Bascomb and determine how to proceed.